———o———

GEORGE GOWER v. PATRICK QUINLAN.

*Adverse possession—Ejectment as between tenants-in-common.*

The continuity of adverse possession is broken by a decree requiring the occupant to convey the land, even if the actual possession is not disturbed.   The decree has the effect of a voluntary conveyance.

One tenant in common cannot eject another whose possession is not inconsistent with his own.

Error to Sanilac.   Submitted Jan. 31.   Decided April 22.

EJECTMENT.   Plaintiff brings error.

*O'Brien J. Atkinson* and *Elliott G. Stevenson* for plaintiff in error.

*Avery Brothers* for defendant in error.   An undivided share cannot be recovered in ejectment by one claiming the whole, Comp. L., § 6212; 1 Green's Prac., 361; *Holmes v. Seely,* 17 Wend., 75.

GRAVES, J.   In June, 1876, Gower sued Quinlan in

ejectment for lot seven on the plat of Monrovia, which is now included in the village of Lexington. The circuit judge sitting without a jury made the following finding on which judgment was entered for the defendant:

George Gower vs. Patrick Quinlan. In 1852, Almeda Smith (afterwards Bardwell) was in possession of the lands in question under color and claim of title.

She was the widow of Edmund Smith, deceased, and in 1855 the administrator of Edmund Smith, deceased, obtained against her and her then husband Rufus Bardwell a decree in the circuit court of Sanilac county, in chancery, requiring them to convey to him, said administrator, the lands in question.

In 1856 Edmund Smith, by administrator, conveyed the lands in question to John Carroll. In 1860 John Carroll conveyed to Patrick Ryan. In 1876 Patrick Ryan conveyed the same to the plaintiff, George Gower. In 1866 Almeda Smith deeded to Benoni Hayes, and delivered to him the possession, she having remained in possession up to this time (1866) from 1852.

This color and claim of title and actual possession passed by several mesne conveyances to Calvin Fenton during this same year 1866.

Calvin Fenton giving to his grantors a mortgage to secure the purchase money for the premises.

In 1873 Fenton deeded to Robinson, subject to this mortgage, and Robinson also gave to Fenton a mortgage to secure the purchase money, and in the same year Robinson deeded to Bridget A. Quinlan, wife of this defendant, subject also to these same mortgages, by Fenton and Robinson and Mrs. Quinlan, and the husband and family went into possession, and the actual possession and occupation, under color and claim of title, had been continuous and uninterrupted from Mrs. Smith to and including Mrs. Quinlan.

A year or two prior to the commencement of this suit, Mrs. Quinlan died, leaving surviving her, her husband, this defendant, Patrick Quinlan, and four children, all of said children being still minors, and two of them still living with the father on the premises, and the other two making it their home there, but being absent most of the time.

The mortgages before mentioned (Fenton to his grantors and Robinson to Fenton) were both assigned to this plaintiff, and in 1874 the last mortgage (Robinson to Fenton) was foreclosed by advertisement, and sold to the plaintiff, George Gower, and he still remains the owner of whatever title was acquired thereby.

In 1837 the United States conveyed the lands in question, with other lands, to Ira Porter. In 1842 Ira Porter conveyed to William Munroe. Afterwards, William Monroe died, and his heirs conveyed to Andrew, George and John Munroe, in 1862.

In 1865 Andrew Munroe conveyed to Benoni Hayes, who is before mentioned, and in 1866 George Munroe and wife conveyed to Benoni Hayes, and in 1874 John (with whom Andrew joined) conveyed to Patrick Quinlan, the defendant.

In 1874 Mary A. McKenzie deeded to Patrick Quinlan, the defendant, and in 1876 John S. Jenness deeded to him the lands in question, but what title, if any, McKenzie or Jenness had, does not appear.

Sundry objections were made to the most if not all the records and proofs produced in evidence, but for the purposes of this trial, the defense is rested upon the claim that the heirs of Bridget Quinlan should have been made parties, and that if the above points are not well made, this defendant is entitled to the undivided one-third, in his own right, through the Munroe title, and plaintiff having claimed the whole, cannot recover an undivided interest.

#### CONCLUSIONS OF LAW.

Defendant is entitled to judgment.

E. W. HARRIS,
*Circuit Judge.*

The plaintiff contends that the facts entitle him to recover and do not support the judgment given for the defendant. His position is that Mrs. Smith began an adverse possession in 1852, which was kept up by her and others succeeding to her right until it ripened into a title, and that such title became vested in Gower through the Robinson mortgage which he foreclosed. This view cannot be maintained on the facts.

Whatever may have been the true character of Mrs. Smith's possession between 1852 and 1855, the decree made in the latter year which required her to convey to the administrator of her former husband, shifted her position and placed her in the same condition in regard to her possession as though she had then voluntarily made conveyance to the administrator. Her previous possession was of no avail any longer as a holding to

help make out a continuous adverse possession. Her entire right was determined by the decree, and her possession thereafter, even when joined to that of her successors in the same right, appears to have been too short to give rise to a title under the mortgage founded on adverse possession.

Granting that Mr. Gower has become owner of two undivided thirds of the original title, and still upon the facts disclosed he fails to make out a case. The finding shows that Mr. Quinlan is in as owner of an undivided third, and therefore as a tenant in common. His possession appears to be lawful and not inconsistent with the right of any other tenant in common. There is no finding that he has ousted any one, or any thing to show the existence of any obstacle to the entry of the holders of the other undivided interests. Hence, according to the case, Mr. Gower has not established an ejectment right, and the judgment must be affirmed with costs, and the cause will be remanded for such other proceedings as may be proper.

The other Justices concurred.